

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Ernest Guinn
County Attorney
El Paso County
El Paso, Texas

Dear Sir:

Opinion No. O-6804
Re: Liability of assets of building and loan associations for state and county ad valorem taxes.

We have received your inquiry concerning the method of assessing building and loan associations operating under the provisions of Title 24, Revised Civil Statutes of Texas, for State and county ad valorem taxes.

These institutions are subject to taxation for State and county ad valorem taxes under the provisions of Article 881a-53, which is as follows:

"Every building and loan association doing business in this state shall, in the city or town in which it is located, render its property therein located to the tax assessor at the time fixed by law and in the following manner:  (a) The value of its office furniture and fixtures therein;  (b) the value of all real estate in such city to which such association holds title;  (c) the value of its assets therein in excess of an amount representing the total of (1) accounts payable and notes payable owing by such association; (2) the book value of the shares outstanding and (3) the assessed value of the furniture and fixtures and real estate held by such association and rendered by it for taxation."  (Emphasis ours)

You propound the following questions:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"A.  Are the stocks, or savings and investment share accounts as they are called, taxable?

"B.  On what basis should they be taxed—that is, how should the value of the stocks be determined?"

which for the purpose of this opinion are grouped together.

Under the opinion of this department, No. 0-3834, approved August 18, 1941, a copy of which is attached hereto, it is held that the savings and investment share accounts are taxable for State and county ad valorem taxes in the hands of the owner, which opinion answers your question "A".

Since under the provisions of Article 856, Revised Civil Statutes of Texas, 1925, "said shares shall be deemed personal property ...," the valuation of such shares would be governed by the provisions of Chapter 6, Title 122, Revised Civil Statutes of Texas, 1925, and particularly Article 7174, which is in part as follows:

"Personal property of every description shall be valued at its true and full value in money."

This answers your second question "B".

Your third question is as follows:

"C.  What part of the reserves, if any, of the Association is taxable against the Association as such?  In connection with this question, it necessitates construction of the meaning of (c) of Art. 881a-53, reading 'The value of its assets therein in excess of ... (2) the book value of the shares outstanding.'"

This question has been fully answered by an opinion of this department, No. 0-3526, approved June 7, 1941, a copy of which is attached hereto, which defines the meaning of the term "book value" and distinguishes between the "book value" and "withdrawal value," which latter is defined by Article 881a-47, Revised Civil Statutes of Texas, 1925.

Honorable Ernest Guinn, page 3

The taxes should be assessed in accordance with the formula laid down in Article 881a-53, supra, and if the surpluses which you refer to in your letter are set up on the books of the association as part of the book value of the shares, such surpluses must be automatically deducted under subsection (2) of subsection (e) of the article which requires the deduction of the "book value of the shares outstanding," the statute being plain and unambiguous in its terms.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

C. K. Richards
Assistant

CKR:db

Enclosures

APPROVED SEP 13 1945

